```
RAYMOND G. FORTNER, JR., County Counsel
PHILIP S. MILLER, Assistant County Counsel
JENNIFER A.D. LEHMAN, Senior Deputy County Counsel
STATE BAR NO.: 191477
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1908
Facsimile: (213) 626-2105

Lawyers for Defendants
COUNTY OF LOS ANGELES et al.
```

ORIGINAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER CHAVEZ, IVONNE CHAVEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY ALVIN HEALEY #435500, DEPUTY EMILO GUERRERO #432954, D. VIVONA #440103, DEPUTY MATTHEW ONHEMUS #428954, DEPUTY CLIFFORD PRIVITERA #434089, DEPUTY PAUL SHIGO #407808, SERGEANT STEVEN PAUL #111225, SERGEANT FERNANDO VASQUEZ #219168, individually and as peace officers, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 03-0948 GAF (VBKx)<br><br>[PROPOSED] AMENDED JUDGMENT |

The above-entitled action came on regularly for trial on October 25, 2005, in Courtroom 740, the Honorable Gary A. Feess, Judge Presiding. Plaintiffs Xavier Chavez and Ivonne Chavez appeared by the Law Offices of Thomas Beck, through Thomas Beck, Esq.; Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Alan Healey, Emilio Guerrero, David Vivona, Matthew

HOA.420514 1                                    -1-

1  Ohnemus, Clifford Privitera, Paul Shigo, Steven Paul and Fernando Vasquez
2  appeared by the Office of the County Counsel, Philip S. Miller, Assistant County
3  Counsel, and Jennifer A. D. Lehman, Deputy County Counsel.

   A jury of 8 persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to it.

   Prior to sending the matter to the jury, and pursuant to Defendant's motion under Federal Rule of Civil Procedure 50 (b), Sergeant Fernando Vasquez was dismissed from the action. The Court also dismissed Plaintiff's claims for failure to intervene and unlawful search of the Chavez's residence.

   The jury deliberated and then returned into Court with its answers to special questions submitted to it, and verdict, as follows:

   WE, THE JURY, in the above-entitled action now reach our unanimous verdict on the following questions submitted to us:

   1.   Has Plaintiff Xavier Chavez proved by a preponderance of the evidence that Sgt. Paul used excessive force at the front window of the Chavez residence in an attempt to place Xavier Chavez under arrest?

                    Yes _____      No   X   

   Go to Question 2.

   2.   Has Plaintiff Xavier Chavez proved by a preponderance of the evidence that any of the following deputies used excessive force in placing him under arrest inside his residence:

   Deputy Shigo:      Yes _____      No   X   
   Deputy Ohnemus:    Yes _____      No   X   
   Deputy Guerrero:   Yes _____      No   X   

   Go to Question 3.

   3.   Have Plaintiffs Xavier and Ivonne Chavez proved by a preponderance of the evidence that any of the following deputies unlawfully entered their

residence to arrest the Plaintiffs:

| | | |
|---|---|---|
| Sgt. Paul: | Yes __X__ | No_____ |
| Deputy Shigo: | Yes __X__ | No_____ |
| Deputy Ohnemus: | Yes __X__ | No_____ |
| Deputy Guerrero: | Yes __X__ | No_____ |
| Deputy Privitera: | Yes __X__ | No_____ |
| Deputy Vivona: | Yes __X__ | No_____ |
| Deputy Healey: | Yes __X__ | No_____ |

If you answered "No" to Question No. 1, and "No" as to all deputies in Question Nos. 2 and 3, sign and return the verdict form to the Court.

If you answered "Yes" to Question No. 1, or "Yes" as to any defendant in either Question No. 2 or Question No. 3, go to Question No. 4.

4. What amount of damages, if any, did plaintiffs sustain for past physical and/or emotional pain and suffering?

Plaintiff Xavier Chavez  $____0_____

Plaintiff Ivonne Chavez  $____0_____

On the subsequent motion of Plaintiffs Xavier and Ivonne Chavez, the Court awarded each $1 in compensatory damages for the unlawful entry. The Court also granted Xavier and Ivonne Chavez' request for a trial on the issue of punitive damages in connection with the unlawful entry.

Trial on the issue of punitive damages came on regularly for trial on January 23, 2007, in Courtroom 740, the Honorable Gary A. Feess, Judge Presiding. Plaintiffs Xavier Chavez and Ivonne Chavez appeared by the Law Offices of Thomas Beck, through Thomas Beck, Esq.; Defendants Alan Healey, Emilio Guerrero, David Vivona, Matthew Ohnemus, Clifford Privitera, Paul Shigo, and Steven Paul appeared by the Office of the County Counsel, Philip S. Miller, Assistant County Counsel, and Jennifer A. D. Lehman, Senior Deputy County Counsel.

1     A jury of 8 persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to it.

    Prior to sending the matter to the jury, and pursuant to Defendant's motion under Federal Rule of Civil Procedure 50 (b), the claim for punitive damages was dismissed as to Alan Healey and David Vivona.

    The jury deliberated and then returned into Court with its answers to special questions submitted to it, and verdict, as follows:

    WE, THE JURY, in the above-entitled action now reach our unanimous verdict on the following question submitted to us:

    1.     In unlawfully entering the residence of Plaintiffs Xavier and Ivonne Chavez, did any of the Defendants act with malice, ill will, or spite toward the Plaintiffs, or for the purpose of injuring them:

Answer:

| Name | YES | NO |
|---|---|---|
| EMILIO GUERRERO: | | X |
| PAUL SHIGO: | | X |
| MATTHEW OHNEMUS: | | X |
| CLIFFORD PRIVITERA: | | X |
| SGT. STEVEN PAUL: | | X |

    2.     In unlawfully entering the residence of Plaintiffs Xavier and Ivonne Chavez, did any of the Defendants act with oppression, that is, with unnecessary harshness or severity, through the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiffs:

Answer:

| Name | YES | NO |
|---|---|---|
| EMILIO GUERRERO: | | X |
| PAUL SHIGO: | | X |
| MATTHEW OHNEMUS: | | X |

HOA.420514.1

-4-

1 | CLIFFORD PRIVITERA: | YES _____ | NO __X__
2 | SGT. STEVEN PAUL: | YES _____ | NO __X__

3. In unlawfully entering the residence of plaintiffs Xavier and Ivonne Chavez, did any of he Defendants act in circumstances that reflect complete indifference to the plaintiffs' safety or rights, or in the face of a perceived risk that their actions would violate the plaintiffs' rights under federal law:

Answer:

| EMILIO GUERRERO: | YES _____ | NO __X__ |
| PAUL SHIGO: | YES _____ | NO __X__ |
| MATTHEW OHNEMUS: | YES _____ | NO __X__ |
| CLIFFORD PRIVITERA: | YES _____ | NO __X__ |
| SGT. STEVEN PAUL: | YES _____ | NO __X__ |

1    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED
2  that Judgment be entered in favor of Plaintiffs Xavier Chavez and Ivonne Chavez
3  on their cause of action for unlawful entry into their residence. Deputy Russell
4  Boucher having previously been granted qualified immunity by this court,
5  pursuant to his Rule 56 motion, is entitled to judgment against Plaintiffs Xavier
6  Chavez and Ivonne Chavez. Sergeant Fernando Vasquez, having been dismissed
7  from the action pursuant to his Rule 50 motion, is entitled to judgment against
8  Plaintiffs Xavier Chavez and Ivonne Chavez. Plaintiffs Xavier Chavez and Ivonne
9  Chavez shall recover $1 each from Defendants and Defendants shall recover their
10 costs and disbursements in the amount of $ _____.

11
12 DATED: 1/26/07
13                                                    THE HONORABLE
                                                      GARY A. FEESS
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOA.420514.1                    -6-

# DECLARATION OF SERVICE
Case No. CV 03-0948 GAF (VBKx)

STATE OF CALIFORNIA, County of Los Angeles:

Diana Bluem states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

That on January 25, 2007, I served the attached

[PROPOSED] AMENDED JUDGMENT

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached mailing list:

**Thomas E. Beck, Esquire**
**The Beck Law Firm**
**10377 Los Alamitos Boulevard**
**Los Alamitos, CA  90720**

☒ **(BY MAIL)** by sealing and placing the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice the correspondence would be deposited with the United States Postal Service that same day with postage thereon fully prepaid.

☐ **(BY FACSIMILE)** I caused such document to be delivered from the facsimile machine at telephone number _____ on [date]_____ at _____ a.m. / p.m. to the facsimile machine at telephone number _____. The transmission was reported as complete and without error. A copy of the transmission report was properly issued by the transmitting facsimile machine and is attached hereto.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(FEDERAL)** I declare that I am employed in the offices of a member of this court at whose direction the service was made.

Executed on January 25, 2007, at Los Angeles, California.

Diana Bluem                                            _____
Type or Print Name of Declarant                                Signature
and, for personal service by a Messenger Service,
include the name of the Messenger Service

HOA.420514.1                              -7-